UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ALESHIA HOPE STUART,        )
        )
      Petitioner,      )
        )
v.        )    Nos.   2:15-CR-15-PLR-MCLC-2
        )        2:16-CV-196-PLR
UNITED STATES OF AMERICA,     )
        )
      Respondent.    )

## <u>MEMORANDUM OPINION</u>

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 61]. She bases her request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. The United States responded in opposition on July 14, 2016 [Doc. 62]. For the following reasons, Petitioner's § 2255 petition [Doc. 61] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

In June of 2015, Petitioner pled guilty and was convicted of conspiring to commit murder-for-hire, in violation of 18 U.S.C. § 1958, which subjected her to a statutory penalty range of up to ten years' imprisonment [Presentence Investigation Report ("PSR") ¶¶ 3, 52]. The parties stipulated, pursuant to Rule 11(c)(1)(C), that a term of 96 months' incarceration followed by three years' supervised release, would be an appropriate sentence [Doc. 32 ¶ 6]. Petitioner agreed that she would "not file any motions or pleadings pursuant to 28 U.S.C. § 2255," with the exception of claims of prosecutorial misconduct or ineffective assistance [*Id.* ¶ 11(b)].

In promulgating Petitioner's PSR, the United States Probation Office determined the relevant guideline range to be 151 to 188 months' imprisonment restricted by the statutory maximum of 120 months [PSR ¶ 53]. Consistent with the parties' Rule 11(c)(1)(C) agreement, the Court sentenced Petitioner to a below-guidelines 96 months' imprisonment followed by three years supervised release [Doc. 56].

Petitioner did not appeal and her conviction became final for purposes of § 2255(f)(1) on November 12, 2015, at the expiration of time to appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). Less than a year later—on June 14, 2016— Petitioner filed the instant timely petition seeking "reconsideration" of her sentence in light of the Supreme Court's decision in *Johnson* and her post-conviction rehabilitative efforts [Doc. 61].

## II.     ANALYSIS

Petitioner's argument that she no longer possesses predicate offenses sufficient to support her categorization as an armed career criminal under § 924(e) or career-offender under Section 4B1.1 fails because her PSR demonstrates that she was never subjected to enhancement under either provision [PSR ¶¶ 23, 32, 52, 53, 54; Doc. 56].[1] Instead, Petitioner's 96-month term of

---

[1]     The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to

2

incarceration resulted from the Court's conclusion that such a sentence was appropriate given the Rule 11(c)(1)(C) agreement between the parties and 120-month statutory maximum penalty permissible for violations of 18 U.S.C. 1958 [Doc. 56]. As such, *Johnson* does not apply to Petitioner under the circumstances.

Further, to the extent Petitioner bases her request for correction of sentence on her post-conviction rehabilitative efforts and/or the perceived needs of her family members, neither provides a viable ground for granting relief under § 2255. *See* 28 U.S.C. § 2255 (providing mechanism for the correction of a sentence imposed "in violation of the Constitution or laws of the United States, . . . without jurisdiction[,] . . . in excess of the maximum authorized by law, or . . . otherwise subject to collateral attack"). Because a district court can only amend a final judgment as expressly permitted by statute, *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013); *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001), Petitioner's failure to identify any statutory authority in support of the requested reduction is fatal to her claim.[2]

## IV.    CONCLUSION

---

another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

[2]    While commendable, post-sentencing rehabilitative efforts are only relevant when selecting a sentence after a defendant's original sentence was set aside on appeal, *see generally Pepper v. United States*, 526 U.S. 476 (2011), or when considering whether and to what extent a reduction authorized by 18 U.S.C. § 3582(c)(2) should be granted.

3

For the reasons discussed, Petitioner's § 2255 motion [Doc. 61] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**UNITED STATES DISTRICT JUDGE**

4